David Richard WAYNE, Plaintiff,

v.

Max NEUNEKER, Superintendent, Nevada State Prison, Defendant.

No. CV–R–81–107–ECR.

United States District Court, D. Nevada.

Oct. 15, 1985.

Thomas E. Kotoske, Palo Alto, Cal., for plaintiff.

Richard Bryan, Office of the Atty. Gen., Crim. Div., by Brooke Nielsen, Deputy Atty. Gen., Carson City, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff David Wayne filed this suit under 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment rights. Defendant Max Neuneker counterclaimed alleging abuse of process and seeking damages for the hostage crisis which gave rise to this lawsuit. Pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Phyllis Halsey Atkins held an evidentiary hearing. Both parties were present and represented by counsel. The Magistrate recommended judgment be entered for Neuneker on Wayne's complaint, and for Wayne on Neuneker's counterclaims.

Wayne timely objected to the Magistrate's report and recommendation of March 24, 1985.[1] Thus, this Court exercised *de novo* consideration of all of the testimony and documentary evidence before the Magistrate at the evidentiary hearing. *See* 28 U.S.C. § 636(b)(1). *See also Mathews v. Weber,* 423 U.S. 261, 270–71, 96 S.Ct. 549, 554–55, 46 L.Ed.2d 483 (1976) (although written before the 1976 amendment to § 636, the Supreme Court empha-

sized that the Magistrate may do no more than propose a recommendation).

We carefully reviewed all pleadings in this case, the hearing transcript and all exhibits. The Court adopts the Magistrate's report and recommendation. The Court will address the particular objections which Wayne makes regarding her report and recommendation.

## OBJECTIONS

### 1. *Issue to be decided*

Wayne objects that the Magistrate incorrectly identified the issue to be decided. The gravamen of Wayne's objection is the Magistrate's statement: "... does the fact that defendant [sic] [Wayne] was not physically harmed prevent damages from being awarded." Report and Recommendation at 2. Wayne is correct that in denying Neuneker's motion for summary judgment we ruled: "... the fact that plaintiff did not die or suffer physical harm does not necessarily mean that no constitutional deprivation has occurred." Order on motion for summary judgment, (document # 22) September 8, 1982. The Magistrate's report is unclear as to whether she adopted Wayne's position regarding this issue. Nonetheless, her conclusion that Neuneker did not intentionally order the demerol to kill or seriously hurt Wayne means that she never reached the issue of a lack of physical harm to Wayne. She clearly found that Wayne failed to prove the essential elements of his § 1983 claim and, thus, never discussed whether she would have precluded the award of damages based upon Wayne's lack of physical harm.

### 2. *Factual Findings*

Wayne sets forth his version of the facts and objects to any contrary factual findings made by the Magistrate. A review of his assertions reveal only a few differences and a thorough reading of the transcript supports the Magistrate's findings.

Wayne alleges: "It is also undisputed that the defendant was upset and emotion-

---

**1.** Neuneker failed to file any response to Wayne's objections or to make objections to the Magistrate's recommendation on the counterclaims.

ally rankled when McKenna would not provide the defendant with the information he sought [regarding how McKenna was able to secure a pistol.]" Objections at 5. Although McKenna later admitted his story was false, following the hostage taking McKenna did provide Neuneker with information of where the gun came from. Further, all but Wayne testified that Neuneker seemed calm but very tired.

Wayne next alleges that: "It is undisputed that *the defendant ordered* that plaintiff be given an additional 3cc's of demerol to make him talk. It is undisputed that plaintiff told the defendant that a second injection of 3cc's of demerol would kill him. It is undisputed that the defendant ordered the lethal dosage to be brought to the plaintiff's cell. It is undisputed that the plaintiff begged the defendant not to kill him, to which the defendant merely chuckled." Objections at 5. The only person testifying to this was Wayne. The evidence did not establish that the additional demerol would have been a "lethal" dosage. The medical expert, Dr. Donald Molde specifically rejected that contention. Tr. at 24–25. Officer Barker directly contradicted Wayne's assertions that he begged Neuneker not to kill him. Tr. at 325–343. Finally, the only other witness who testified to any "chuckle" by Neuneker was Nelda Cushman. She testified that when Neuneker ordered her to bring the demerol to Wayne's cell, he chuckled. Tr. at 28. It was not in response to any alleged begging for mercy by Wayne.

Wayne next alleges that: "It is undisputed that plaintiff knew if events were not taken in hand he would be restrained by the guards that were in the adjacent hallway and forcibly injected with the lethal dosage." Objections at 6. Although Wayne is correct that no witness disputed his testimony as to what he was thinking, there was no evidence that he would, in fact, have been restrained and forcibly injected. As the Magistrate pointed out, not only had Wayne consistently requested drugs from prison officials, but the effects of the first shot of demerol were "peaking." Report and Recommendation at 9–11, 24.

Finally, Wayne alleges: "It is undisputed that plaintiff suffered unimaginable horror and emotional trauma because of the defendant's attempt to kill him—a matter for which he sought and received medical attention." Objections at 7. Wayne failed to introduce any such evidence. Accordingly, the factual findings by the Magistrate are accepted.

### 3. *Factual Issues*

Wayne argues that the Magistrate erroneously considered evidence of his past criminal record, his past involvement in hostage taking incidents and his past use of drugs. Wayne complains that all of this evidence was irrelevant and should not have been considered. Wayne testified at the hearing. He was an important witness as to his case. In fact, he was the only witness who testified that he begged Neuneker not to give him any more demerol. His credibility was, therefore, a key issue. His past criminal record was relevant. The Magistrate correctly limited testimony as to Wayne's criminal activity which was remote in time. Further, the activities of past hostage taking incidents revealed a common thread: Wayne requested and received drugs as a condition of release of his hostages. Finally, his past use of drugs related to his tolerance level and to the issue of whether he would have wanted an additional shot of demerol. The Magistrate's admission of this evidence was not in error and was relevant to the issues before her.

Wayne then argues that: "Despite the undisputed evidence that inmate McKenna controlled and conducted the hostage taking incident of February 14, 1981; and, despite the fact that *plaintiff was acquitted* of the crime related to this incident, the Magistrate, interestingly enough, finds:

'... (David Wayne claims he was forced to leave his cell by McKenna but there is no credible evidence to support this in spite of the fact that Wayne was

apparently acquitted of State charged by a jury because of this defense)'." [R. 3] Objections at 8. Wayne fails to point out the significance of his objections. Not only was there evidence of Wayne's actions with his hostage Nelda Cushman when Wayne was nowhere near McKenna's control, but an acquittal in criminal case, which requires a higher standard of proof, is not controlling in a civil case. The issue of who conducted and controlled the escape attempt is not important except as it related to Wayne's demand for demerol being met before he would release his hostage, Nelda Cushman.

Wayne next objects to the Magistrate's omission of a background profile of Nelda Cushman. (The Magistrate provided profiles of Neuneker, Wayne and McKenna). The Magistrate did not, however, ignore Cushman's testimony; she merely found it unnecessary to do a profile of the nurse. There was no "oversight" of Cushman's testimony.

Wayne's final objection is difficult to ascertain. He complains that the Magistrate erred by her characterization of Neuneker's lack of testimony as to the second shot of demerol. She correctly observed that Neuneker remembered very little once the hostages were safe. Report and Recommendation at 19. Wayne may have worded it differently, but whether Neuneker remembered very little, or could not refute pertinent facts, the Magistrate correctly observed Neuneker's failure to testify as to the second shot of demerol. Other witnesses, however, testified and Wayne is incorrect when he argues that undisputed facts proved the case against Neuneker.

### 4. Conclusions of law

Although he makes no objection to the law applied by the Magistrate, Wayne argues that this case compels a different result than that recommended by the Magistrate. There are two essential elements to a 42 U.S.C. § 1983 action: (1) the plaintiff must allege and prove that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges, or immunities secured by the constitution or Laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981). There is no doubt that Neuneker acted under color of state law.

The Magistrate found that Wayne failed to prove the second element. Wayne objects to the basis of her finding. After review this Court finds that Wayne did fail to prove a deprivation. However, it is necessary to examine more fully the applicable analysis used to reach this conclusion.

The Magistrate did find that Neuneker was at the most negligent in allowing more demerol be given to Wayne. Report and Recommendation at 30. Negligent abuse of authority by state officials can form the basis for a § 1983 cause of action. *Parratt v. Taylor*, 451 U.S. at 534–35, 101 S.Ct. at 1912–13. As noted by the Ninth Circuit:

Intentional acts by state officials, even if committed without specific authority can satisfy the color of law requirements of § 1983, *Hudson*, [*v. Palmer*, —— U.S. ——] 104 S.Ct. [3194] at 3202, [82 L.Ed.2d 393 (1984)] as can conduct pursuant to established state policy, *Logan*, [*v. Zimmerman Brush Co.*] 455 U.S. [422] at 435–37, [102 S.Ct. 1148, 1157–59, 71 L.Ed.2d 265 (1982)] and errors by individual officers in the absence of an affirmative government policy. *Baker v. McCollan*, 443 U.S. 137, 146 [99 S.Ct. 2689, 2695–96, 61 L.Ed.2d 433] (1979). *Cf. Monell v. Dep't of Social Services*, 436 U.S. 658, 694 [98 S.Ct. 2018, 2037, 56 L.Ed.2d 611] (1978); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 870 (7th Cir.1983).

*Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir., filed August 27, 1985). Yet, "the question whether an allegation of simple negligence is sufficient to state a cause of action under § 1983 is more elusive than it appears at first blush." *Baker v. McCollan*, 443 U.S. 137, 139, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979).

Wayne's theory of liability is that the second shot of demerol constituted cru-

el and unusual punishment in violation of the Eighth Amendment. To be cruel and unusual, punishment must be incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles,* 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958). Punishment is also cruel and unusual when it involves an unnecessary and wanton infliction of pain or is grossly disproportionate to the severity of the crime. *See Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The plaintiff need not show a formal intent to punish. *Albers v. Whitley,* 743 F.2d 1372, 1374 (9th Cir.1984) *cert. granted* — U.S. —, 105 S.Ct. 2700, 86 L.Ed.2d 716 (1985). The degree of culpability required by the Eighth Amendment is whether the punishment complained of is a result of "deliberate indifference" to the prisoner's liberty interest. *Haygood v. Younger,* 769 F.2d at 1354–55. This standard extends beyond the cases where prisoners were denied proper medical care and, thus, "may appropriately be applied to test the constitutionality of other exercises of professional judgment by prison officials that [may] result in harm to prisoners." *Albers v. Whitley,* 743 F.2d at 1275. Accordingly, the Magistrate correctly looked to whether Neuneker was deliberately indifferent to Wayne's Eighth Amendment rights. We agree with the Magistrate that the evidence did not support a finding of deliberate indifference.[2]

▮ Wayne also objects to the Magistrate's refusal to "second guess" a prison official during a crisis. This objection has

merit. While the Magistrate is correct that deference should be given where prison officials are acting in good faith to a crisis, at the time Neuneker gave the second shot of demerol, there was no crisis. The inmates had been put back into their cells. Neuneker controlled the situation. He was not reacting to any crisis. Nevertheless, this does not lead to a different result. As the Magistrate found, Neuneker's policy was to keep all promises made during negotiations with the prisoners. Thus, his action could clearly have been found to be negligent, but the evidence does not support a finding of deliberate indifference.

IT IS, THEREFORE, HEREBY ORDERED that the Magistrate's Report and Recommendation is accepted. Judgment shall be entered in favor of defendant Neuneker on plaintiff Wayne's complaint and in favor of plaintiff Wayne on defendant Neuneker's counterclaims.

---

**2.** Wayne could possibly have sustained a cause against Neuneker had Wayne alleged negligent action. Rather than attempting to prove Neuneker intended to kill or seriously harm Wayne in callous indifference to Wayne's eighth amendment right against cruel and unusual punishment, Wayne may have been able to show a violation of his civil rights based on negligence. Because Neuneker owed a special duty to provide for Wayne's health and safety (NRS § 209.161) Neuneker may have been neg-

ligent in permitting the second shot of demerol get to Wayne, thus, creating a foreseeable risk of harm. *Hirst v. Gertzen,* 676 F.2d 1252, 1263 (9th Cir.1982) (a county's negligent lack of care in hiring and supervising their deputies creating a foreseeable risk of harm stated a cause of action under § 1983); *Escamilla v. City of Santa Ana,* 606 F.Supp. 928, 931–32 (C.D.Calif.1985) (an affirmative state action creating a special relationship imposes a constitutional duty which may negligently be breached).